**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**FILED**

APR 16 2009

DAVID CREWS, CLERK

By_____

Deputy

COURT FILE NO.: 1:09CV101-D-D

| | |
|---|---|
| Donald Hamblin<br><br>        Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership,<br><br>        Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant in its illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.    Plaintiff Donald Hamblin is a natural person who resides in the County of Lee, State of Mississippi, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant GC Services Limited Partnership (hereinafter "GC Services") is a collection agency operating from an address of 6330 Gulfton, Houston, Texas 77081, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  On or around 2007 and 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a charge account debt with Discover Card, which credit card was used by Plaintiff for personal, family and household purchases.

7.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

### *Collection Calls to Plaintiff*

8.  On or about March 3, 2009, an employee of GC Services contacted Plaintiff by telephone, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9.  During this call, the employee of GC Services told Plaintiff that he was attempting to collect a debt from Plaintiff and that Plaintiff must pay the debt or that GC Services would initiate legal proceedings against Plaintiff.

10. When Plaintiff explained he was unable to pay the debt but would be willing to work out some sort of arrangement to pay whatever he actually owed, the GC Services employee became abusive and rude, berating Plaintiff and telling him that he was obligated to pay these amounts and threatened that GC Services would take "whatever steps were necessary" to make sure that he did so.

11.     GC Services continued calling Plaintiff throughout the month of March 2009. These calls were made on March 5, 9, 10 18, 19, 24, 25, and 26, 2009. On each occasion, Plaintiff explained his inability to pay the amount requested by Defendant in full and offered to discuss payment options. On each occasion, Defendant's agents threatened Plaintiff and acted in a manner that was oppressive, rude, aggressive and abusive towards Plaintiff, causing Plaintiff to experience frustration, embarrassment, upset, anxiety, amongst other negative emotions.

### *Collection Calls to Third Parties*

12.     On or about March 15, 2009, GC Services contacted Plaintiff's daughter-in-law by telephone, which contact was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). At the time this communication was made, GC Services had been in contact with Plaintiff on multiple occasions and had confirmed current address and phone information for Plaintiff.

13.     Beginning on March 13, 2009, GC Services began to call one of Plaintiff's customers, who regularly employed Plaintiff for electrical and heating and cooling maintenance and installation. The relationship between Plaintiff and this customer had produced tens of thousands of dollars in business for Plaintiff during the year ending December 31, 2008.

14.     GC Services called Plaintiff's customer repeatedly, causing that customer severe annoyance and inconvenience and severely damaging the business relationship between Plaintiff and the customer.

15. Between March 13, 2009 and March 18, 2009, GC Services called Plaintiff's customer on no fewer than fourteen occasions. When the customer returned calls to GC Services, GC Services stated that they were trying to reach Plaintiff and were attempting to collect a debt.

16. All of the calls made to Plaintiff's customer were made after GC Services had been in contact with Plaintiff for some time and had confirmed the Plaintiff's current address and phone information.

### *Summary*

17. The above-described collection communications made to Plaintiff by GC Services and its agents were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10), and 1692f and 1692f(5) amongst others.

18. This series of abusive collection calls by GC Services and its employees pushed Plaintiff to consider bankruptcy as a way out of these abusive calls.

19. This series of abusive collection calls by GC Services and its employees caused Plaintiff to become depressed and agitated.

20. This series of abusive collections calls by GC Services and its employees has damaged Plaintiff's business by creating distrust between Plaintiff and a valued customer, resulting in the loss of that customer's business.

21. Defendants' illegal, abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of

Plaintiff and caused him unnecessary personal strain in his relationships with his family members who had been illegally contacted by GC Services.

22.　　Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering damage to his business reputation and loss of revenue.

## TRIAL BY JURY

23.　　Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

24.　　Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.　　The foregoing acts and omissions of GC Services and its employees constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

26.　　As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from GC Services.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for the Plaintiff;

Respectfully submitted,

Dated: April 15, 2009

**Harry H. Sumner, PLLC**

By: _____

Harry H. Sumner, Esq.
Harry H. Sumner
P.O. Box 824
347 North Spring Street
Tupelo, MS  38802
(662) 620-2556 phone
(662) 620-0665 facsimile
*hhs@hhslaw.net*
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSISSIPPI         )
                                   )

COUNTY OF LEE                )

Plaintiff Donald Hamblin, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DONALD HAMBLIN

Subscribed and sworn to before me
this ___13th___ day of April, 2009.

_____
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID #60890
TABATHA ROSS
Commission Expires
Sept. 28, 2012
PONTOTOC COUNTY